IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-214 (4) |
| | § | C.A. No. C-06-166 |
| SIMON TORRES-MONGES, | § | |
| | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY

On April 12, 2006, the Clerk received from Movant Simon Torres-Monges ("Torres") a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum. (D.E. 181, 182).[1] The government filed its response and motion to dismiss on June 23, 2006. (D.E. 188, 189). The Court has also considered Torres' reply, received by the Clerk on July 26, 2006. (D.E. 191). As discussed herein, three of Torres' four claims are subject to dismissal because he waived his right to file those claims. The other claim, which arguably falls outside the scope of his waiver, fails on its merits. For these reasons, discussed in more detail below, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Torres a Certificate of Appealability.

---

[1] Docket entry references are to the criminal case, C-04-214.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On May 12, 2004, Torres was named with four other defendants in a two-count indictment. (D.E. 1). Torres was named only in Count Two, which charged him with conspiracy to knowingly and intentionally possess with intent to distribute approximately 12 kilograms of a mixture of substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (D.E. 1).

On August 2, 2004, Torres pleaded guilty pursuant to a written plea agreement. (D.E. 86, 87). In exchange for his guilty plea to count two and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility, and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 87 at ¶ 2).

The plea agreement also contained a voluntary waiver of Torres' right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the

> right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 87 at ¶ 7) (emphasis in original).

The agreement is signed by Torres and he testified at his rearraignment that his attorney had read it to him in Spanish and explained it to him, that his attorney had answered his questions, that he read it and discussed it with his attorney, that he understood the agreement, and that he signed it. (D.E. 152, Rearraignment Transcript ("R. Tr.") at 15-16).

The Court questioned Torres under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion:

> THE COURT: The agreement that you have reached is with the United States Attorney's Office. You do not have an agreement with the Court. I do not have to accept any sentencing recommendations made to me that would be favorable to you. And if I do not accept them, you cannot take back your plea of guilty.
>
> The sentence that I pronounce will be the final sentence in your case. This is true because you are giving up your right to appeal my sentencing decisions to the Court of Appeals or to any other court. And you are also giving up your right to file any other type of petitions or writs to challenge your conviction and your sentence. Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you want to give up your right to appeal your sentence?
>
> THE DEFENDANT: Yes.

> THE COURT: And do you want to give up your right to file any later petitions or writs to challenge your conviction or your sentence?
>
> THE DEFENDANT: Yes.

(R. Tr. at 16-17). It is clear from the foregoing that Torres' waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On December 3, 2004, the Court sentenced Torres to 158 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 137, 138). Although his guideline range was 210 to 262 months, the Court granted the government's motion for a twenty-five percent downward departure based on Torres' cooperation after his arrest, and reduced his sentence to 158 months. (S. Tr. at 6-7). Judgment of conviction and sentence was entered December 11, 2004. (D.E. 138). Although Torres had waived his right to appeal his sentencing, he nonetheless filed a timely *pro se* notice of appeal. (D.E. 143).

While his appeal was pending, Torres filed a motion with this Court seeking a reduction in his sentence based on the Supreme Court's January 12, 2005 decision in United States v. Booker, 543 U.S. 220 (2005). (D.E. 154). This Court denied that motion without prejudice because his appeal was pending. (D.E. 157). On April 18, 2005, the Fifth Circuit

dismissed Torres' appeal for want of prosecution, because he had failed to timely file his brief.

Torres' § 2255 motion was received by the Clerk on April 12, 2006. (D.E. 181). It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Torres lists four grounds for relief. First, he claims that he was denied his constitutional and fundamental right to present his direct appeal of his conviction and sentence because his counsel helped him to file a *pro se* notice of appeal, but did not explain the consequences of doing so and did not explain that he would be required to file his own appellate brief. In short, he claims that his attorney did not properly inform him of how to continue on appeal and failed to inform the Court of Torres' "inability to proceed on his own." He asks to be resentenced so that his right to appeal can be reinstated.

Second, he makes a general claim that he was denied the effective assistance of counsel during his plea, because his attorney did not fully inform him of all the consequences of the plea. He appears to be claiming that his plea was not knowing or intelligent because he did not know that his sentence would be increased for being a manager in the offense. He calls the three-level increase he received for being a manager an "element of the plea" which he was not made aware of at the time of his plea. As part of this ground for relief, he also argues that the manager role was improperly applied in his case, and that he was not, in fact, a manager.

5

In his third ground for relief, Torres claims that he was denied his right to due process as a result of violations of Rule 32, Fed. R. Crim. P. It appears that he is arguing that Rule 32, which allows a defendant an opportunity to dispute the allegations in the PSR, was violated because his counsel failed to object to the three-level enhancement for his managerial role in the offense.

In his fourth and final ground for relief, Torres claims that his sentence was unconstitutional because it was increased based upon facts not found by a jury nor admitted by him. Essentially, he asserts a claim pursuant to United States v. Booker, 543 U.S. 220 (2005).

For the reasons set forth herein, Torres' claims fail.

## IV. DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn,

955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Torres has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that his first, third, and fourth grounds for relief fail because he waived his right to file those claims in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Thus, it does not reach the merits of those claims. See infra Section IV.D.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing a waiver of appeal rights that was signed prior to the issuance of Booker).

Torres' claim that he received ineffective assistance with regard to his plea, however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the plea and, thus, the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

## C.     Ineffective Assistance of Counsel As to Plea

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Torres appears to be claiming that he received ineffective assistance as to his plea because his attorney did not inform him that his sentence could be enhanced based on his role in the offense. In order to show prejudice arising from an attorney's ineffective assistance during the plea negotiations or the plea itself, Torres must show that, absent his counsel's deficiencies, he would have proceeded to trial. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of

ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). This is a showing that has not been made here. The rearraignment transcript clearly establishes that Torres' decision to plead guilty was his own and that it was entirely voluntary.

At his rearraignment, Torres testified in open court that he had received a copy of his indictment and discussed it with his attorney. (R. Tr. at 10). He testified that he had enough time to talk with his attorney about his case, that he was satisfied with his services, that his counsel had been a good lawyer, and that he was following Torres' instructions. (R. Tr. at 8). The Court informed Torres of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (R. Tr. at 9-10). The Court informed Torres of the charge against him and Torres testified that he understood the charge. (R. Tr. at 11-12). Torres further testified that he had discussed with his attorney the charge in the indictment. (R. Tr. at 11).

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Torres the maximum punishment that he might receive. Specifically, the Court informed him that he could be sentenced to a maximum of life in prison and that the mandatory minimum term of imprisonment was ten years. (R. Tr. at 12-13). The Court also informed him that there was a maximum fine of $4 million and a mandatory $100 special assessment. (Id.). The

Court further informed him that he faced a minimum supervised release term of five years, but that his supervised release could last as long as the rest of his life. (R. Tr. at 13). Torres testified that he understood. (R. Tr. at 13).

Notably, Torres testified that he had discussed with his attorney the fact that the Court would use the federal sentencing guidelines to assist it in determining his sentence and that he understood the guidelines. (R. Tr. at 13-14). Torres further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency for pleading guilty, and that it was his decision to plead guilty. (R. Tr. at 14).

As noted supra at pages 3-4, the Court specifically questioned Torres regarding his appellate and § 2255 waivers to ensure those waivers were knowing and voluntary. (R. Tr. at 15). In summarizing Torres' plea agreement, the prosecutor also noted that the agreement contained a Blakely waiver,[2] and explained that the waiver meant "the Court will be the fact-finder at sentencing and will sentence the Defendant according to the United States

---

[2] Blakely v. Washington, 542 U.S. 296 (2004) was the predecessor of Booker, supra, and Booker extended Blakely's reasoning to the federal sentencing guidelines. The so-called Blakely waiver in Torres' plea agreement stated:

> The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or proven beyond a reasonable doubt. The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines. The defendant explicitly acknowledges that his plea to the charged offense(s) authorizes the court to impose any sentence, up to and including the statutory maximum sentence, that is authorized by the Sentencing Guidelines.

(D.E. 87 at ¶ 11).

Sentencing Guidelines." (R. Tr. at 15). Mr. Torres agreed that the prosecutor had correctly explained the agreement, and also stated that he had discussed the agreement with his attorney and that the attorney had translated it into Spanish for him. (Id. at 15-16).

Torres' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Torres' sworn statements preclude the relief he seeks here. The record fully supports the conclusion that he was informed about the statutory minimum sentence applicable to his offense, as well as the statutory maximum, that he understood the Court would decide his sentence and that the Court did not have to accept any sentencing recommendations favorable to Torres. (R. Tr. at 16). Torres' sworn statements contradict any assertion that he would not have pleaded guilty if he had known of the possibility of the enhancement.

It is also significant that Torres does not allege, let alone show, that he would have proceeded to trial instead of pleading guilty, had he known prior to his rearraignment that he would have been sentenced as a manager. He simply claims that he did not "knowingly plead guilty to a manager role." (D.E. 81, document titled "Additional Facts" at 2). Indeed, Torres does not claim – even now – that he is not guilty of the offense. Moreover, Torres confessed after his arrest that he was hired by the drug owner to accept delivery of

11

drugs and money and prepare vehicles for transport of both. (PSR at ¶ 8). Torres also stated that he was personally involved in at least three other drug/money transactions in the past month. (Id.). He would be paid by the drug owner and in turn would pay the other co-defendants for their participation. (Id.). He also confessed at the rearraignment to some of the facts underlying the assessment of the manager role. (See R. Tr. at 20-26) (Torres admitting that he received money for drugs and sent the money to people in Mexico, that he allowed his house to be used so that drugs could come to his house, and that he expected to be paid for the use of his house). He also agreed at sentencing that he did not want to object to the managerial role, (S. Tr. at 4-5),[3] which undermines his claim that he would not have pleaded guilty at all had he known the enhancement would be applied. Because he does not claim he is innocent or that he would have proceeded to trial, he cannot show prejudice.

Notably, moreover, had Torres been convicted after a jury trial, his sentence would have been more harsh. He would have had the same offense level and still would have received the enhancement, except that he would not have received a three-level reduction for acceptance of responsibility. Thus, his resulting offense level would have been 39 instead of 36, and his resulting guideline range would have been 292 to 365 months, instead of 210 to 262 months. Assuming he had still qualified for a downward departure for

---

[3] Indeed, his decision not to litigate the leadership role was one of the reasons given by the United States in support of its motion for downward departure. (See S. Tr. at 13).

12

substantial assistance (which would have been unlikely if he had continued to trial), he still would have received a higher sentence. A twenty-five percent reduction from 292 months would have resulted in a sentence of 219 months, mich higher than the 158-month sentence he received. For all of these reasons, it simply does not make sense that he would have made the choice to go to trial, instead of choosing -- quite logically -- to plead guilty.

In short, it is clear that Torres cannot show that he would have insisted on going to trial but for counsel's performance. Thus, Torres cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance on this issue was deficient. Glinsey, 209 F.3d at 392 (5th Cir. 2000) (prejudice from ineffective assistance during the plea process requires a showing that, absent counsel's alleged errors, there is a "reasonable probability" that the defendant would not have pleaded guilty, but would have insisted on a trial). His ineffective assistance claim fails.

Because the Court concludes that Torres' only challenge to the plea agreement fails, his waiver of § 2255 rights contained in his plea agreement is valid and enforceable. The effect of the waiver is discussed more fully in the subsequent section.

### D.    Waiver of § 2255 Rights

It is clear from the rearraignment that Torres understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 18-19). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it

up). Again, Torres' statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84. Those statements support a finding that his wavier was knowing and voluntary.

Moreover, the fact that Booker was not decided until after Torres signed his waiver does not place his claim outside the scope of the waiver. The Fifth Circuit has clearly held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005) (enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

In sum, the Court concludes that Torres' waiver of his right to file a § 2255 motion is valid and enforceable. Thus, while his ineffective assistance claim as to his plea is denied on the merits, his remaining claims – including his claim premised on Booker – fall within the scope of his waiver. Those claims, therefore, are not properly before the Court. See generally Wilkes, supra; White, supra; McKinney, supra. For these reasons, Torres' § 2255 motion is DENIED in its entirety.

### E.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Torres has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the

15

issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Torres' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). The record clearly establishes that the was not denied the effective assistance of counsel during the plea. Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Torres cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that his waiver bars his remaining claims. Accordingly, Torres is not entitled to a COA as to any of his claims.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 189) is GRANTED and Torres' motion to vacate, correct, or set aside his sentence pursuant to 28

U.S.C. § 2255 (D.E. 181) is DENIED.  Additionally, Torres is DENIED a Certificate of Appealability.

    Ordered this 29th day of November, 2006.

                                                                 HAYDEN HEAD
                                                                  CHIEF JUDGE