IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-214 (4) |
| | § | C.A. No. C-06-166 |
| SIMON TORRES-MONGES, | § | |
| Defendant/Movant. | § | |

**ORDER SUSPENDING PAYMENTS
PURSUANT TO PRIOR COLLECTION ORDER**

Pending before the Court is a letter motion filed by Simon Torres-Monges ("Torres"), which was received by the Clerk on July 11, 2008. (D.E. 222.) In it, he complains that, although his appeal has been dismissed, he is still being charged "30.00 every month and I do not know why." (D.E. 222 at 1.) He asks whether it is possible that his money be refunded to him and also asks that the Clerk "make sure that the B.O.P. is notified of what is going on in this matter." (Id.)

For the reasons set forth below, the undersigned GRANTS Torres' letter motion insofar as it seeks to suspend any future payments and also suspends the prior collection order entered in this case.

**I. BACKGROUND**

Torres appealed from the District Court's denial of his motion pursuant to 28 U.S.C. § 2255. (D.E. 200-202.) The appeal was initially dismissed because Torres failed to apply for *in forma pauperis* ("*ifp*") status or to pay the docketing fee. (D.E. 207.) Days after the dismissal, the District Clerk received an *ifp* motion from Torres. (D.E. 208.) Although Torres did not then have an appeal pending, he indicated that he would be seeking to reinstate his appeal. The undersigned therefore granted the *ifp* motion, but ordered collection of the full appellate filing fee, $455, in installments. (D.E. 210). Torres was instructed that, if he did not want to pay the filing fee, he should file a notice withdrawing his appeal. (D.E. 210.) Such notice had to be mailed within 30 days of the date of the

1

order. The order was entered March 21, 2007. Thus, Torres had until April 21, 2007 to mail his notice. (D.E. 210.) He did not mail a timely notice indicating an intent to withdraw his appeal, and collection of the filing fee in installments began.

In the *ifp* order, Torres was also informed that the ifp order would not automatically reinstate his appeal and that he would have to file a motion if he wanted it reinstated. (D.E. 210.) Torres filed nothing until more than a year later. On April 21, 2008, the Clerk received a motion from Torres to reinstate his appeal (D.E. 216), which Chief Judge Hayden Head ordered be transferred to the Fifth Circuit. (D.E. 217.) The Fifth Circuit granted the motion and the appeal was reinstated by Order dated June 11, 2008. (D.E. 219.)

Prior to the date the Fifth Circuit reinstated the appeal, however, Torres had filed a motion for voluntary withdrawal of his appeal, which was received by the Fifth Circuit on May 9, 2008. (D.E. 220.) In that document, Torres asked for dismissal because of the "severity" of the consequences in filing and made various references to not wanting to have to pay the appellate filing fee. The inconsistent expressions by Torres as to whether to reinstate or withdraw his appeal were noted in a letter to him dated May 15, 2008 from the Clerk of the Fifth Circuit. (D.E. 220.)

On June 13, 2008, shortly after the Fifth Circuit's order reinstating the appeal (which was entered June 11, 2008), the Fifth Circuit issued an order granting the motion for voluntary withdrawal and dismissing the appeal. (D.E. 221.) Accordingly, Torres' appeal has now been dismissed. He complains that, despite the dismissal, he is still being required to make installment payments toward the filing fee. The amounts received by the Clerk thus far total $148.09, out of the total $455.00 filing fee.

## II. DISCUSSION

The undersigned concludes that, on the facts as set forth above, Torres is entitled to a suspension of payments. Although he ultimately moved to withdraw his appeal, he did not do so

within the time-frame set in the undersigned's prior order and thus he is not entitled to a refund of amounts collected thus far. Nonetheless, he has now voluntarily dismissed his appeal, and it is no longer pending. Continued collection of the filing fee in these circumstances is unduly harsh.

For the foregoing reasons, Torres' letter motion requesting that the collection order be suspended is GRANTED. As of the date of this Order, Torres is no longer required to make any additional payments toward the filing fee in this case.

The following orders are entered:

1. As of the date of this Order, the Bureau of Prisons is no longer required to deduct 20% of each deposit made to the Appellant's inmate trust account or to forward payments to the United States District Court in this case.

2. The Clerk shall send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, FCI Waseca, P.O. Box 1731, Waseca, MN 56093.

### III.  CONCLUSION

For the reasons set forth above, the undersigned hereby GRANTS Torres' letter motion concerning the payment of his appellate filing fee, insofar as it seeks a suspension of payments. (D.E. 222.) Although he is not entitled to a refund of amounts already paid, the undersigned suspends the collection of any additional payments under the prior collection order (D.E. 210.)

ORDERED this 22nd day of July, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE